[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
David Bachman, Esq. Defense Counsel, for Petitioner
Robert O'Brien, Esq., Assistant State's Attorney for the State.
MEMORANDUM OF DECISION
Sentence Affirmed
BY THE DIVISION: The petitioner, presently thirty-five (35) years of age, was convicted after trial by a jury of the crime of Murder in violation of Conn. Gen. Stat. Sec. 53a-54(a)a. He was sentenced to a term of sixty (60) years the maximum penalty for the offense.
In connection with his petition, he asks the Division to consider that he has or had a substance abuse problem and that if that could be controlled he is rehabilitatable.
The victim in this case was a thirty-nine (39) year old woman who had come to the United States with her American husband and their two children, who were ages five (5) and three (3) when their mother was murdered. They had been in the New Haven area only a short time before the crime took place.
At approximately 11:30 in the morning while in the basement laundry area of her residence, the victim was stabbed multiple times resulting in her death. There was no obvious motive for the assault, but there was some evidence that her pants were unzipped. Her children were upstairs in the apartment when the killing took place and were unaware at the time of what had happened.
This is an outrageous crime with devastating effects to the victim's family.
The petitioner has convictions for larceny; sexual assault, first degree; violation of probation and illegal use of credit card.
Whatever the reason may be for the petitioner's brutality and anti-social behavior, the fact is he is the ultimate threat to anyone who randomly might fall victim to him.
The Court commented very graphically about the painful and ignominious death the petitioner inflicted on an innocent mother of two young children. It quite reasonably concluded that the petitioner is a dangerous man and that societal protection is a paramount consideration.
The Division finds that the sentence imposed was entirely appropriate under all of the circumstances. It is CT Page 9764 affirmed.
Klaczak, J. Stanley, J. Norko, J.
Klaczak, Norko and Stanley, J.s, participated in this decision.